ANDREWS *v.* STATE.

Opinion delivered March 15, 1926.

INTOXICATING LIQUOR—SALE—EVIDENCE.—On a prosecution for selling whiskey, evidence *held* to sustain a conviction, though the alleged buyer testified that he did not consider that he was buying from defendant.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*A. D. Stevens* and *Joe Joiner,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J.   Appellant was indicted, tried, and convicted in the circuit court of Columbia County for the crime of selling whiskey, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which he has duly prosecuted an appeal to this court.

A reversal of the judgment is sought upon the alleged ground that the evidence is insufficient to support it. The contention is made that the State is bound by the statement of the prosecuting witness, J. D. Thomas, to the effect that he did not consider the transaction between appellant and himself a sale and purchase of whiskey. The facts detailed by witnesses control juries in arriving at verdicts, and not the conclusions or opinions deduced therefrom by lay witnesses.   J. D. Thomas testified, in substance, to the following facts:

He came to Magnolia in search of whiskey, and talked to appellant Saturday night relative to procuring some. Appellant informed him that he had not used whiskey for a long time on account of kidney trouble, but that he thought a man was selling whiskey in the woods near his home.   The next day, Sunday, he went in his car to appellant's home in company with him and prevailed upon him to search for the whiskey in the woodland.   Appellant led the way; and, after passing through a chicken yard back of his house, they crossed the fence and entered the woodland.   After following a trail quite a distance, appellant found one-half gallon of whiskey in a stump hole.   Witness remarked that he wished he could find some more; whereupon appellant resumed the search and soon found another one-half gallon in the ground. Witness placed $11 on a stump and took the whiskey. Appellant then showed him how to get out of the woodland to his car, which he had parked on the pike.   As witness neared the car, he was arrested by a deputy sheriff.   The deputy sheriff testified that in the afternoon he searched the house of appellant and found no whiskey, but, in following the trail through the woodland back of

the house, he found several lots of whiskey in holes in the ground.

Although it is true that J. D. Thomas stated that he did not consider he bought the whiskey from appellant, the circumstances warranted exactly the opposite conclusion. The only reasonable conclusion that could have been drawn from the circumstances attending the transaction was, that appellant had the whiskey hidden in the places where he got it, and that he appropriated the money that was left by Thomas on the stump in payment for same. The transaction smacks of a subterfuge. The whiskey was hidden, and readily found by appellant. The name of the supposed owner was not disclosed, and no one appeared upon the scene to deliver the whiskey and accept the money except appellant.

We regard the evidence as ample to support the only reasonable theory, that appellant was the owner of the whiskey, and made a sale of it to J. D. Thomas.

No error appearing, the judgment is affirmed.